**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATE OF COLORADO, and THE STATE OF NEW MEXICO, ex rel. KELLI WAGAMAN and DOUGLAS WAGAMAN,<br><br>                    Plaintiffs,<br><br>    v.<br><br>GLOBAL MEDICAL RESPONSE, INC.; AIR MEDICAL GROUP HOLDINGS, LLC; GUARDIAN FLIGHT LLC; EAGLE AIR MED CORPORATION; AEROCARE MEDICAL TRANSPORT, INC.; SAA HOLDINGS, LLC; GALLUP MED FLIGHT, LLC,<br><br>                    Defendants. | Civil Action No. 1:19-cv-02575-RBJ |

**[JOINT PROPOSED] SCHEDULING ORDER**

**1. DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL**
**AND PRO SE PARTIES**

No Scheduling Conference has been set by the Court as of the date of this filing. Although pandemic restrictions have been lifted to a large extent, this Court is not yet holding in-person Scheduling Conferences.

  Suneeta Hazra, #54284
  ARNOLD & PORTER KAYE SCHOLER LLP
  1144 Fifteenth Street, Suite 3100
  Denver, CO 80202
  Telephone: (303) 863-1000
  Email: Suneeta.Hazra@arnoldporter.com

  Laura McLane
  McDermott Will & Emery LLP
  200 Clarendon Street, Floor 58
  Boston, MA 02116
  Telephone: (617) 535-4410
  Email:  lmclane@mwe.com

  Hannah Cohen
  McDermott Will & Emery LLP

200 Clarendon Street, Floor 58
Boston, MA 02116
Telephone: (617) 535-4032
Email:  hcohen@mwe.com

Daniel M. Twetten
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, CO 80303
Telephone: (720) 583-6514
Email: dan@loevy.com

Michael S. Porter, The Law Firm of
4350 Wadsworth Boulevard, Suite 300
Wheat Ridge, CO 80033
Telephone: 303-940-8370
Fax: 303-421-4309
Email: porterlaw@comcast.net

Amy L. Easton
Phillips & Cohen LLP-DC
2000 Massachusetts Ave, First Floor
Washington, DC 20036
Telephone: 202-833-3618
Email: aeaston@phillipsandcohen.com

Jeffrey W. Dickstein
Phillips & Cohen LLP-Miami
2 S. Biscayne Boulevard, Suite 1600
Miami, FL 33131
Telephone: 305-372-5200
Email: jdickstein@phillipsandcohen.com

## 2. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Relators allege claims arising under the federal False Claims Act (FCA), 31 U.S.C. § 3729, et seq. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Relators' claims arising under the New Mexico Medicaid False Claims Act, N.M. Stat. Ann. 27-14-1, et seq., and the Colorado Medicaid False Claims Act, Colo. Rev. Stat. 25.5-4-303.5, et seq.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiffs:**

- Relators contend that Defendants defrauded the government by billing for air ambulance transports that were not medically necessary.

- Relators allege that Defendants flew patients in air ambulances when Defendants knew these patients' conditions did not warrant transport by air ambulance and could instead be transferred by ground ambulance. In particular, Relators claim that Defendants transferred psychiatric patients by air ambulance from regular hospital facilities to specialty psychiatric facilities. These patients were stable and did not otherwise require an air ambulance. They could have been transferred by ground ambulance with no risk to those patients.

- Further, Defendants knew these patients did not need an air ambulance. These patients were not provided any type of emergency medical services on their flights, which would be expected for patients who truly needed urgent air transportation. When these patients were received at their next facility, they were not designated as emergency cases or otherwise treated as requiring a level of care that would warrant air ambulance transport. And Defendants specifically instructed and trained their employees to falsify medical records to make sure they did not reflect the patients' true conditions. For example, Defendants mandated that their employees never indicate that a patient could walk on his own because such records would result in the government not paying for air transport.

- In addition to the psychiatric patients improperly flown by air ambulance, Relators assert that Defendants provided air ambulance transport to other patients who did

3

- not need such transport.

- In light of this actual knowledge that the patients did not need an air ambulance, Defendants cannot rely on any statements or actions of any third-party physicians.

- In addition to flying patients who did not need air ambulance services, Defendants defrauded the government by failing to staff their flights with nurses or other appropriately trained and certified providers. Instead, Defendants operated some of their air ambulances with staff that was not trained or certified to render appropriate care, including flights staffed with EMTs only, which violated the requirements for these flights and resulted in false and fraudulent claims to the government.

- Based on the above, Relators assert claims pursuant to the federal FCA and its New Mexico and Colorado analogues. The First Amended Complaint (FAC) includes specific examples of patients who were flown by air ambulance when such transport was not medically necessary.

b.   **Defendants:** Defendants' defenses to Relators' First Amended Complaint (FAC) include, without limitation, the following:

- Defendants have not submitted false claims for air ambulance services. Defendants have at all times properly staffed and billed for air transports.

- The FAC fails to state claims on which relief could be granted under the FCA and the related statutes of New Mexico and Colorado under which Relators assert claims. Among other things, the FAC (i) misstates the laws and coverage rules applicable to air transports for most of the relevant payors in the region at issue, including without limitation the Indian Health Service (IHS), which is the source of both physician orders and decisions to provide coverage for many of the air

4

transports in question, and (ii) fails to plead fraud with particularity. The FAC thus fails to plead claims under the FCA and cognate state laws. Fed. R. Civ. P. 8 and 9(b).

- Moreover, Defendants transport patients from one facility to another by fixed wing aircraft pursuant to orders by physicians at the sending facility, who order the care needed, select the receiving facility, coordinate with the physician at the receiving facility to accept their patient, determine the appropriate mode of transportation for the patient, and order any care they determine the patient may need during the flight. In the region at issue, these physicians are often federal employees who work for the Indian Health Service (IHS), and who have determined that their patients cannot receive the care they need at the sending facility. Those physicians have further determined that their patients should be transported by air to a different facility that can provide necessary care due to long distances or other obstacles to ground transportation. These decisions are made prior to Defendants being contacted by the sending facility to request a transport. When Defendants take a transport by air pursuant to a physician's order (as is always the case for the types of transports at issue, i.e., interfacility transports), Defendants have at all times staffed and billed for such transports in accordance with the staffing rules of the relevant state and with the payment rules of the relevant payor of a patient's claims.

- Notably, many payors elect to cover transports by air for psychological conditions, including suicide attempts (transports about which Relators complain in the FAC), in part due to the limited behavioral health services available at the IHS hospitals from which many of the physician requests for air transport originate. These

5

- hospitals are located primarily in rural areas, and IHS physicians at these hospitals determine that there is a need to transfer such patients so that they can receive necessary care which is often only available at facilities that are a substantial distance away, rendering ground transport infeasible (in a region with limited ground resources).

- When Defendants bill for air transports, their claims for payment and associated documentation are correct and consistent with payor coverage rules, and payors, including government payors, are provided with accurate information about the patient's condition (such as whether their condition is psychological, e.g., suicide attempts or ideations). Defendants have never instructed or trained employees to falsify medical records, contrary to the allegations in the FAC. Payors adjudicate claims and make payment decisions with true information; as such, payors have not been deceived about what they are choosing to pay for, which is the only relevant question in evaluating a claim for fraud under the FCA.

- Defendants staff air transports appropriately. Each state has different crew composition requirements, and Defendants' air transports comply with such requirements. While many of Defendants' flights are staffed with nurses, the states in question do not require many air transports to include a nurse as part of the crew.

- For these and other reasons, Relators cannot establish essential elements of their claims, including without limitation falsity, materiality, and knowledge, and the United States, New Mexico and Colorado have not been damaged.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

**a.**     Defendant GMR provides air ambulance services in New Mexico, Arizona, Colorado and Utah, including fixed wing interfacility transports.

**b.**     Relators are employees of a GMR subsidiary.

## 5.  COMPUTATION OF DAMAGES

Relators seek to recover on behalf of the government three times the amount the government paid Defendants for air ambulance flights that were not medically necessary. In addition, Relators seek to recover on behalf of the government the penalties imposed by the federal False Claims Act, the New Mexico Medicaid False Claims Act, and the Colorado Medicaid False Claims Act. Relators also seek to recover their attorneys' fees and costs in accordance with those statutes.

The exact amount of damages is unknown to Relators at this time. Defendants and the government possess the data that shows the number and value of the claims paid by the government. Relators will seek to obtain this information through discovery and will supplement their Rule 26 computation of damages accordingly, as well as any interrogatories or other discovery requests calling for similar information. Although Relators do not currently possess this data, Relators' good faith estimate is that damages are at least $10 million before trebling and penalties.

Defendants deny that any damages have been sustained, and deny any and all liability for damages, penalties, or attorneys' fees and costs.  Defendants have made no claim for damages but reserve the right to seek attorneys' fees and costs related to the defense of this matter in accordance with 31 U.S.C. § 3730(d)(4).

## 6.  REPORT OF PRECONFERENCE
## DISCOVERY AND MEETING UNDER
## FED. R. CIV. P. 26(f)

a.  **Date of Meeting:** November 22, 2022.  Follow-up meeting per Court's instruction on December 13, 2022.

b.  **Name of Each Participant and Party Represented:** Daniel Twetten, representing Relators; Suneeta Hazra, Laura McLane, and Hannah Cohen, representing Defendants.

c.  **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

Rule 26(a)(1) disclosures shall be made by February 7, 2023 (one week after Defendants' motion to dismiss is due to be filed).

d.  **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**  See above.

e.  **Statement concerning any agreements to conduct informal discovery:**  None.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties agree to use a unified exhibit numbering system for deposition exhibits and where otherwise appropriate.  The parties have not reached any additional agreement but expect to further evaluate ways to reduce costs in the context of specific tasks and stages of the matter.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have discussed the treatment and preservation of electronically stored information.  The parties anticipate that there may be discovery of electronically stored information and will work together to facilitate the discovery of such information and to produce it in the most appropriate and cost-effective format.

8

h.  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties believe that it is premature to evaluate the use of alternate dispute resolution methods at this time.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

i.  **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Ten depositions per side. If a party reasonably needs more than that, and if the parties cannot agree after conferring, the party may move for an increase and provide cause. The opposing party may file an opposition.

j.  **Limitations which any party proposes on the length of depositions.**

Depositions shall not exceed seven (7) hours in accordance with the Federal Rules of Civil Procedure.

k.  **Limitations which any party proposes on the number of requests for production and/or requests for admission. [If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]**

The parties do not propose in excess of twenty-five (25) requests for production and twenty-five (25) requests for admission.

l.  **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Forty-five (45) days prior to close of fact discovery.

m.  **Other Planning or Discovery Orders**

Relators anticipate seeking entry of a HIPAA-qualified protective order in order to

facilitate discovery. The parties will review and comply with the Court's practice standard regarding protective orders.

The parties will not file motions or responses concerning discovery disputes. Rather, after counsel have conferred by telephone or in person, they will contact Chambers and set a telephonic hearing. If the dispute concerns responses to paper discovery (interrogatories, etc.), please provide the Court with the disputed question and responses before the hearing.

### 9. CASE PLAN AND SCHEDULE

**a.    Deadline for Joinder of Parties and Amendment of Pleadings:**

Defendants' response to the FAC is due on January 31, 2022. Defendants shall file a letter of intent in accordance with the Court's practice standards by January 13, 2022. Relators' response to that letter shall be due on January 20, 2022. In the event the Court dismisses all or part of the FAC, Relators may elect to seek leave to amend in accordance with Fed. R. Civ. P. 15. The deadline for any allowed amendment to the FAC shall be 30 days following any dismissal of the FAC.

The deadline for joinder of parties shall be 30 days after Defendants file an answer, if any.

Defendants reserve their right to oppose any proposed amendment.

**b.    Discovery Cut-off:**

Fact discovery will not commence until February 1, 2023, with the exception of deposition discovery which shall not commence until July 1, 2023. All fact discovery shall be completed by December 15, 2023.

Expert disclosures shall be exchanged by the parties by February 15, 2024. Rebuttal disclosures, if any, shall be exchanged by March 14, 2024. Expert depositions shall be

completed by April 30, 2024.

**c.     Dispositive Motion Deadline:**

Motions for summary judgment shall be due on June 17, 2024. The requisite letter of intent required by the Court's practice standards for any such motion shall be due on May 24, 2024, with responses due on May 31, 2024.

**d.     Expert Witness Disclosure**

The parties believe it is too early to identify the topics of expert testimony. However, the parties anticipate requiring expert witnesses. The parties propose supplementing this proposed order with the information called for on or before the date the parties' expert disclosures are due to be exchanged.

**e.     Identification of Persons to Be Deposed:**

**Plaintiffs:** Relators anticipate that they will seek to depose some or all of the following individuals and at the present time expect each deposition to take seven (7) hours, but reserve their right to alter and/or supplement this list given the early stage of this matter:

- Employees or agents of Defendants who provided air ambulance services
- Employees or agents of Defendants who billed the government for air ambulance services
- Employees or agents of Defendants who designed, implemented, and oversaw Defendants' policies and practices regarding when to transport patients by air ambulance and how to bill the government for such services
- Employees or agents of the government who determined whether and how to pay Defendants for air ambulance services
- Third-party medical providers who ordered or certified patient transports
- Third-party medical providers who provided care for patients transported by air ambulance
- Employees or agents of competing air ambulance providers
- Third-party medical providers who do not order air ambulance transport for psychiatric patients
- Any witness identified by Defendants in their Initial Disclosures

11

**Defendants:** Defendants expect that they will seek to depose some or all of the following individuals and at the present time expect each deposition to take seven (7) hours, but reserve their right to alter and/or supplement this list given the early stage of this matter:

- Kelli Wagaman
- Douglas Wagaman
- Representative(s) of the Indian Health Service
- Representatives of the other payors of the claims at issue, including but not limited to New Mexico Medicaid, Arizona Medicaid, Colorado Medicaid, Utah Medicaid, and the Veterans Administration
- Certain ordering physicians for the flights in question
- Any witness identified by Relators in their Initial Disclosures

### 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

**a.** Status conferences will be held in this case at the following dates and times:

_____.

**b.** A final pretrial order is not required. The Court will conduct a Trial Preparation Conference and resolve any remaining disputes concerning trial witnesses, trial exhibits, in limine issues, and jury instructions. Proposed jury instructions should be emailed to Chambers one week before the TPC, with disputed versions of instructions paired. Please jointly contact Chambers at jackson_chambers@cod.uscourts.gov within 14 days to select TPC and Trial dates from the following options: ~~[insert]~~

1. Trial Preparation Conference:
   a. 8/14/2024 at 9 AM
   b. 8/15/2024 at 9 AM
   c. 8/19/2024 at 9 AM

2. Trial:
   a. 9/2/2024–9/13/2024
   b. 9/9/2024–9/20/2024
   c. 9/16/2024–9/27/2024

12

## 11. OTHER SCHEDULING MATTERS

a.  **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

b.  **Anticipated length of trial and whether trial is to the court or jury.**

Jury trial.  Anticipated length: two weeks.

c.  **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon good cause.

13

DATED at Denver, Colorado, this ~~—~~ 19th ~~———~~day of ~~————~~December, 20~~——~~22~~———~~.

*[signature]*

R. Brooke Jackson
United States District Judge

~~Dated: December 15, 2022~~        ~~APPROVED:~~

~~By:  /s/ Suneeta Hazra~~
~~Suneeta Hazra, #54284~~
~~ARNOLD & PORTER KAYE SCHOLER LLP~~
~~1144 Fifteenth Street, Suite 3100~~
~~Denver, CO 80202~~
~~Telephone: (303) 863-1000~~
~~Email: Suneeta.Hazra@arnoldporter.com~~

~~Laura McLane~~
~~McDermott Will & Emery LLP~~
~~200 Clarendon Street, Floor 58~~
~~Boston, MA 02116~~
~~Telephone: (617) 535-4410~~
~~E-Mail: lmclane@mwe.com~~

~~Hannah Cohen~~
~~McDermott Will & Emery LLP~~
~~200 Clarendon Street, Floor 58~~
~~Boston, MA 02116~~
~~Telephone: (617) 535-4032~~
~~E-Mail: hcohen@mwe.com~~

~~Attorneys for Defendants~~

~~By:  /s/ Daniel M. Twetten~~
~~Daniel M. Twetten~~
~~Loevy & Loevy~~
~~2060 Broadway, Suite 460~~
~~Boulder, CO 80303~~
~~Telephone: (720) 583-6514~~

14

~~E-Mail: dan@loevy.com~~

~~Michael S. Porter, The Law Firm of~~
~~4350 Wadsworth Boulevard, Suite 300~~
~~Wheat Ridge, CO 80033~~
~~Telephone: 303-940-8370~~
~~Fax: 303-421-4309~~
~~Email: porterlaw@comcast.net~~

~~Amy L. Easton~~
~~Phillips & Cohen LLP-DC~~
~~2000 Massachusetts Ave, First Floor~~
~~Washington, DC 20036~~
~~Telephone: 202-833-3618~~
~~Email: aeaston@phillipsandcohen.com~~

~~Jeffrey W. Dickstein~~
~~Phillips & Cohen LLP-Miami~~
~~2 S. Biscayne Boulevard, Suite 1600~~
~~Miami, FL 33131~~
~~Telephone: 305-372-5200~~
~~Email: jdickstein@phillipsandcohen.com~~

~~*Attorneys for Plaintiffs*~~

~~**CERTIFICATE OF SERVICE**~~

~~I hereby certify that on December 14, 2022, I electronically filed the [**JOINT PROPOSED] SCHEDULING ORDER** with the Clerk of the Court using the CM/ECF system, which will provide electronic service to all counsel of record.~~

~~/s/ Daniel Twetten~~
~~Daniel Twetten~~

16